IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY JOE CARTWRIGHT, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>)<br>Defendant. )<br>)<br>)<br>) | Civil Action No. 08CV2076<br><br>Judge Pallmeyer<br>Magistrate Judge Cox |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint of Larry Joe Cartwright, Jr. ("Plaintiff"), states as follows:

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq., as amended*.

**ANSWER:** Experian admits that Plaintiff purports to bring a claim against Experian under the Fair Credit Reporting Act ("FCRA"). Experian denies that Plaintiff is entitled to any of the relief requested from Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Experian states that the allegations contained in this paragraph are legal conclusions and therefore are not subject to a denial or admission. To the extent that an answer is required, Experian denies, generally and specifically, each and every allegation contained in this paragraph.

### III. Parties

3. Plaintiff, Larry Joe Cartwright, Jr., is an adult individual and citizen of the State of West Virginia.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**ANSWER:**


4. Defendant Experian Information Solutions, Inc. is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

**ANSWER:** Experian admits that it is qualified to do business and does conduct business in the State of Illinois. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation in this paragraph.

### IV. Factual Allegations

5. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Harley Davidson Financial. Specifically, Plaintiff asserts that the account is inaccurately reported as included in bankruptcy. While Plaintiff's spouse filed for bankruptcy and included as a debt, Plaintiff was a joint account holder and Plaintiff has continued to make payment per the agreement with Harley Davidson. Defendant has disseminated credit reports and/or information that the account shall continue to be reported on Plaintiff's credit report that his account was in bankruptcy.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In August of 2007, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continued

to publish and disseminate such inaccurate information to third parties, persons, entities and credit grantors.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

**ANSWER:** Experian denies, generally and specifically, each and every allegation contained in this paragraph.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Decreased credit score which may result in inability to obtain credit on future attempts.

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:**     Experian denies, generally and specifically, each and every allegation contained in this paragraph.

## COUNT ONE
## VIOLATIONS OF THE FCRA v. EXPERIAN INFORMATION SOLUTIONS, INC.

15.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**     Experian reasserts and incorporates its answers to the foregoing paragraphs as though fully set forth at length herein.

16.     At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**     Experian admits the allegations in this paragraph.

17.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**     Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**     Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    a.    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

    b.    willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

    c.    willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a).

    d.    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a).

    e.    willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c).

    f.    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:** Experian denies, generally and specifically, each and every allegation in this paragraph, including each and every sub-part.

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:** Experian denies, generally and specifically, each and every allegation in this paragraph.

### V.    Jury Trial Demand

21. Plaintiff demands trial by jury on all issues so triable.

**ANSWER:** Experian admits that Plaintiff has demanded a trial by jury on all issues so triable.

## VI.    Prayer for Relief

WHEREFORE, Plaintiff, Larry Joe Cartwright, Jr., seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)    An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)    An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information.; and

(g)    Such other and further relief as may be necessary, just and proper.

**ANSWER:**    Experian denies that Plaintiff is entitled to any relief whatsoever.  Experian further denies, generally and specifically, each and every allegation not specifically addressed in this Answer.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Complaint, and each purported cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### Second Affirmative Defense

2.    Plaintiff's Complaint is barred by the applicable statute of limitations, including but not limited to 15 U.S.C. § 1681p.

### Third Affirmative Defense

3. Plaintiff's claims are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### Fourth Affirmative Defense

4. Plaintiff's claims are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### Fifth Affirmative Defense

5. Plaintiff's claims are barred because any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### Sixth Affirmative Defense

6. Plaintiff's claims are barred because any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing, if any, by Experian.

### Seventh Affirmative Defense

7. Plaintiff has failed to mitigate his damages.

### Eighth Affirmative Defense

8. Any damages that Plaintiff may have suffered, which Experian continues to deny, directly and proximately resulted from Plaintiff's conduct. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### Ninth Affirmative Defense

9. Plaintiff's alleged damages, which Experian continues to deny, were not caused by Experian but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiff.

**Tenth Affirmative Defense**

10. The Complaint and each claim for relief therein are barred by laches.

**Eleventh Affirmative Defense**

11. The Complaint and each claim for relief therein are barred by the doctrine of unclean hands.

**Twelfth Affirmative Defense**

12. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff takes nothing by reason of the Complaint herein and that this action be dismissed in its entirety;

2. That Experian be awarded costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

Dated: May 2, 2008

Respectfully submitted,

*s/ Angela M. Muccino*
Angela M. Muccino (#6290295)
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
E-mail:  ammuccino@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

      I, Angela M. Muccino, an attorney, certify that on May 2, 2008, I served the foregoing **Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Larry Smith, Esq.
Alyssa Hicks Blackwell, Esq.
Larry P. Smith & Associates, Ltd.
205 North Michigan Ave., 40th Floor
Chicago, IL 60601
*Counsel for Plaintiff*

                                              *s/ Angela M. Muccino*
                                              Angela M. Muccino